UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>OBA LAYTON CHAMPLIN,<br>    Defendant. | CRIMINAL NO. 6:10-53-KKC<br><br>**OPINION AND ORDER** |

*** *** ***

Defendant Oba Layton Champlin moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 292).

Champlin pleaded guilty to conspiring to manufacture at least five grams of methamphetamine. By judgment dated October 5, 2011 (DE 157), Judge Amul Thapar sentenced Champlin to a prison term of 180 months. His projected release date is August 26, 2023. After Judge Thapar became a judge for the Sixth Circuit Court of Appeals, the case was transferred to the undersigned.

Champlin moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." He states that he has hepatitis C, which places him at a higher risk of serious illness or death if he were to contract COVID-19 while in prison.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself

"after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834. The government concedes that Champlin has satisfied one of these two conditions. Accordingly, the Court has authority to consider his request for compassionate release.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. Nov. 20, 2020). Thus, until the Sentencing Commission updates the policy statement to reflect that inmates may now file a compassionate-release motion on their own, district courts

have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id*.

In its response, the government asserts that the fact that Champlin's health condition puts him at increased risk of serious illness should he contract COVID-19 constitutes "extraordinary and compelling circumstances" warranting a sentence reduction. The Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1101. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

Judge Thapar considered these factors extensively at Champlin's sentencing hearing. (DE 244, Sentencing Tr.) The Court has reconsidered them for this motion. Champlin was convicted

3

of a serious drug manufacturing conspiracy. The Court determined he was a leader of the conspiracy. The Court also determined he was a career offender. His presentence report reveals an extensive prior criminal history, including convictions for other felony drug offenses, evading police, assault, and terroristic threatening. Moreover, he has been disciplined multiple times for conduct while in prison.

The Court commends Champlin for his stated determination to make the changes needed for a healthy and meaningful life upon release from prison. Nevertheless, considering the § 3553(a) factors, for the reasons stated in this opinion and at the time of Champlin's sentencing, it is not appropriate to order Champlin's release at this time. It is the Court's hope that Champlin will complete a drug rehabilitation program during the remainder of his prison term so that he will be best prepared upon release to avoid the conduct that resulted in the sentence he is now serving.

For all these reasons, the Court hereby ORDERS as follows:

1) Defendant Oba Layton Champlin's motion for compassionate release (DE 292) is DENIED; and

2) the Clerk of the Court SHALL NOTE on the docket the following mailing address for Champlin:

USP ATLANTA
U.S. PENITENTIARY
P.O. BOX 150160
ATLANTA, GA  30315

Dated January 20, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY